PATSY MIRABILE, Respondent, v. BARTLETT-HAYWARD Co., Appellant.— Plaintiff has recovered a judgment for personal injuries which he received, as the jury found, because of defendant's negligence. It is his claim that he was an employee of the New York Power and Light Company, temporarily rendering service to the defendant, and that irrespective of the Workmen's Compensation Law, may recover in an action at law for his damages received because of defendant's negligence. When injured the plaintiff was engaged with a crew in raising a large gas tank, using sixteen hand winches located about the circumference of the tank, each winch manned by two men. The defendant contracted in writing with the New York Power and Light Company to furnish the labor, tools, machinery and materials necessary to clean and repair the gas tank, the repairs consisting of readjusting carriages, guide frames, lifts and other appurtenances connected with the tank. Defendant's profit came from a percentage figured upon the amount of money expended for labor and materials and also a return for the use of tools and machinery. The defendant agreed to furnish common labor at forty-five cents an hour, a higher grade of labor at sixty-two and one-half cents an hour, semi-skilled mechanics at seventy-five cents to eighty-seven and one-half cents an hour, mechanics at one dollar an hour and foremen at ten dollars and fifty cents a day. Plaintiff had worked for the New York Power and Light Company up to about a year before the date of his accident. The defendant brought to the job about fifteen skilled men who had charge of the work upon the tank, and about three days before plaintiff's injury a representative of defendant asked the superintendent of the New York Power and Light Company to employ additional laborers. The superintendent stated that while plaintiff was working on the tank with the Bartlett-Hayward Company he did not issue any directions or orders to him. The trial justice charged in substance that the Workmen's Compensation Law had nothing whatever to do with the issues before the jury, as the plaintiff was the employee of the power and light company, and in substance that the only issue was defendant's negligence. There was a question of fact as to whether plaintiff was employed by the defendant. Judgment and order reversed on the law and facts, and new trial granted, with costs to the appellant to abide the event. Hill, P. J., Rhodes and Heffernan, JJ., concur; Crapser and Bliss, JJ., dissent and vote to affirm.